NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000343
29-JUN-2018
08:58 AM

NO. CAAP-17-0000343

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Plaintiff-Appellee,
v.
JOSELYN CALIXTA PUNIO,
Defendant-Appellee,
and
JAMES SCOTT WEI dba J & J BAIL BONDS,
Petitioner-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 15-1-0702)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Petitioner-Appellant James Scott Wei dba J & J Bail Bonds (J&J Bail Bonds), real party-in-interest, appeals from the "Order Denying Application of Surety Providing Good Cause as to Why Execution Should Not Issue as to Judgment of Forfeiture," filed on January 17, 2017, in the Circuit Court of the First Circuit (Circuit Court).[1]

On appeal, J&J Bail Bonds contends the Circuit Court erred by denying its "Application of Surety Providing Good Cause as to Why Execution Should Not Issue as to Judgment of

---

[1] The Honorable Colette Y. Garibaldi presided.

Forfeiture" (Application) because it provided good cause as to why execution of the September 21, 2015 "Judgment and Order of Forfeiture of Bail Bond" (Forfeiture Judgment) should not have issued.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve J&J Bail Bonds' point of error as follows:

The Circuit Court did not err by denying J&J Bail Bonds' Application because J&J Bail Bonds did not file a motion or application with the court within thirty days from notice of the Forfeiture Judgment, in accordance with Hawaii Revised Statutes (HRS) § 804-51 (2014).[2]

The facts are undisputed. The Forfeiture Judgment ordered forfeiture of J&J Bail Bonds' $11,000 bond. On October 29, 2015, a proof of service demonstrated that notice of the Forfeiture Judgment was delivered to J&J Bail Bonds on October 13, 2015 by certified mail with a return receipt requested. Based on minutes in the record, on November 3, 2015, Defendant-Appellee Joselyn Calixta Punio (Punio) requested reinstatement of the bond, however there is no transcript in the record of the November 3, 2015 hearing. Over a year later, on

---

[2] HRS § 804-51 states in part:

§804-51 Procedure. Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court.

(Emphasis added.)

2

November 28, 2016, J&J Bail Bonds filed the Application. J&J Bail Bonds admitted during a hearing on December 21, 2016 that "technically there was no bail forfeiture set aside motion filed by anyone," within thirty days after receipt of the notice on October 13, 2015.

On appeal, J&J Bail Bonds contends that Punio's oral motion on November 3, 2015 satisfies the requirement under HRS § 804-51 that a motion or application be "filed with the court." J&J Bail Bonds points to Rule 12(b) of the Hawaiʻi Rules of Penal Procedure (HRPP) which states that "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge."[3] We disagree.

The plain language of HRS § 804-51 requires that a motion to stay execution of a forfeiture judgment be _filed_ with the court. The Rules of the Circuit Court of the State of Hawaiʻi (RCCH) apply to every action in the Circuit Court. RCCH Rule 1.1. "All pleadings and documents to be filed shall be typewritten, printed, photocopied, or otherwise similarly prepared by a duplication process," RCCH Rule 3(a), and "[t]he clerk shall promptly stamp the time and date upon all documents filed," RCCH Rule 2(b).

Filing of a motion with the court requires a typewritten document to be time and date stamped by the court clerk. Price v. Obayashi Hawaii Corp., 81 Hawaiʻi 171, 178, 914 P.2d 1364, 1371 (1996). Therefore, an oral motion does not satisfy the requirement that a motion or application be filed with the court under HRS § 804-51.

J&J Bail Bonds had until November 12, 2015 to file a written motion or application with the court. HRS § 804-51 does not allow "any motion after the closing of the thirty-day

---

[3] In its Reply Brief, J&J Bail Bonds also cites Hawaii Administrative Rules (HAR) § 23-4-13 for the proposition that oral motions may be made on the record. HAR Title 23, Chapter 4 applies only to the Department of Public Safety in relation to administrative relief. HAR §§ 23-4-1 and -2.

window." State v. Ranger Ins. Co., 83 Hawai'i 118, 124 n.5, 925 P.2d 288, 294 n.5 (1996). Therefore, J&J Bail Bonds' untimely November 28, 2016 Application was properly denied.

Therefore, IT IS HEREBY ORDERED THAT the "Order Denying Application of Surety Providing Good Cause as to Why Execution Should Not Issue as to Judgment of Forfeiture," filed on January 17, 2017, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 29, 2018.

On the briefs:

William A. Harrison,
(Harrison & Matsuoka),
for Petitioner-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4